Chief Justice Simpson
delivered the opinion of the Court.
Peyton and Le¿wis, being partners in merchandizing, the former retired from the business, and sold out, his entire interest in the partnership effects, embracing the merchandize on hand, together with all the other partnership property, and the debts of every description due to the firm, to Logan, who agreed to pay him therefor the sum of six hundred dollars, and to be responsible for the debts, due by the firm, to the extent that Peyton was liable.
The sale was made to Logan, by the retiring partner, with the consent of Lewis, the remaining partner, and with the express understanding that the business was to be continued by the new firm.
This dissolution of the partnership occurred in November, 1848. The new firm continued to carry on the business for sometime, and then dissolved, and sold out the stock on hand. Logan became insolvent, and Lewis, the other partner, has had to a great extent, the management of the partnership affairs, since they dis-olved their partnership, and made sale of the stock.
Subsequently this suit in Chancery, was instituted by Peyton, who alleged in his bill, that some of the debts due by the firm of Peyton and Lewis, still remained unpaid, that when he sold out, and retired, he left in the hands of the new firm, assets sufficient to have paid and satisfied, all the debts that were owing by the old firm, and that the members of the new firm undertook and promised to pay said debts. He further alleged that Logan was insolvent, and Lewis intended to dispose of, or remove his property, for the fraudulent purpose pf preventing the payment of his debts; and he *357 prayed for, and obtained an attachment against his estate. Lewis in his answer, denied the fraud imputed to him, and also denied that he had agreed, when the complainant sold to Logan, to pay, the debts of the original firm, or to release him from all further responsibility for them.
Where one mem ber retiies from a. ^ parlnership, with ihe eonsent of the remaining partners, leaving a sufficiency of funds io pav the debts, Ihe' law will imply a promise to save the letiring partner haimless: (Goto, on partnership, 268.)
If one of Iwo partners sell lo s tl/jrd person, with the consent of Ihe remaining partner, and the new partner agree In save tbe out going yurt ner harmless. The new firm are bound to appropriate the assets to the payment of the debts of the old firm, and if they misaypiy Lhem, they are individually liable lo reimburse the oiu-guing partner for any payments by 1 im.
*357 During the pendency of the suit, the complainant was sued for a debt of upwards of seven hundred and fifty dollars, that the old firm owed to a certain Joseph McAllister, and a judgment recovered against him for the amount, which he replevied. The parties agreed that the complainant, as to this debt, should be regarded as having paid it, and be entitled to any relief he might have a right to, if he had alleged the fact in an amended bill.
There- does not appear to have been any express stipulation, upon the part of Lewis, when the complainant retired from the firm, that he would pay off the existing demands against the partnership, and indemnify the retiring partner against them. Unless, then, such a promise on the part of the new firm, can be implied from the facts attending the arrangement, and the nature of the transaction, the complainant was not entitled to any relief, and his bill was properly dismissed by the Court below.
The established doctrine is, that when a retiring partner leaves a sufficiency in the hands of the remaining partners to discharge the existing demands, the law will imply a promise on their part, to save him harmless; and if he be compelled to pay any of the debts, he may require them to reimburse the amount. Gow, on Partnership, 268.
Upon the dissolution of a partnership, either of the parties may insist on a sale of the joint stock, and a collection of the debts due to the firm, and have an application of the produce to the payment of the joint liabilities. But in a case like the present, that right is waived, and the business is continued by the introduction of a new member, and the'formation of a new *358 firm. As 'the new firm took into its possession the assets of the previous firm, and the incoming partner agreed to take his interest, subject to the payment of the existing demands, and the remaining partner held his interest subject to the same charge, it is evident that . they virtually undertook the payment of the debts to the extent of the value of the effects in their hands. A trust was created between the retiring partner and the new firm, for the proper application of the means placed in their hands, and as the individual interest of each of the members was limited to the balance that migh-t remain, after the discharge of the debts of the old firm, the trust was violated, by the appropriation of more than that balance to any other objects than those embraced in its terms„and contemplated by the parties, when it was created. The express agreement by the new partner, that he was to be responsible for the debts of the old firm, to the extent of the vendor’s liability, . does not repel the implication of a joint undertaking to indemnify the retiring partner, if the assets were sufficient for that purpose. As the sale transferred the interest of the retiring partner in the whole of the joint stock, to the purchaser, it was necessary that the agreement of the parties should show the terms upon which the transfer was made. By these terms the new partner assumed the place of the retiring partner, with all his rights, and agreed to discharge all his liabilities.
The complainant’s right to relief, then, must depend upon the sufficiency of the assets for the payment of the debts. He alleged their sufficiency for that purpose, and the answers of the defendants substantially admit the truth of the allegation. The fact is also established'by the testimony, at least so far as it is, from its nature, susceptible of proof. It also appears that the new firm recognized its liability for the payment of the debts of the previous firm, and that Lewis, the remaining partner, acting upon the implied agreement, declared that the complainant was not to pay any of the debts of the old firm.
Burton and Smith for appellant; Bell for appellees.
But the charge of fraud against Lewis was not established, and the complainant can only obtain relief for the debt he has paid to McAllister since the commencement of the suit. If he should hereafter be compelled to pay other debts due by the partnership at the time he withdrew, he may then require the defendants to to repay him the amount.
Wherefore, the decree is reversed and cause remanded, that a decree may be rendered in conformity with this opinion.